COFER, Justice, for the Court:
Appellee Ancient Oaks Utilities, Incorporated, in 1968 certificated to provide water and sewer disposal service to the residents of a subdivision in Biloxi, in Harrison County, filed with the Mississippi Public Service Commission, petitions to increase its tariff of charges from a flat amount of $6 per month to $9 per month per customer for its sewer disposal service, and to increase its charges of $6 per month per customer to. $9 per month for its water service, the amount of $9 to be thence the minimum monthly charge, and for authority to install water meters on its customers’ connections and to charge a staggered schedule for water actually consumed. The petitions were filed on September 1, 1977, to go into effect on October 1,1977. Appellant Mississippi Public Service Commission suspended the proposed increases for ninety days. When hearing was had thereon, the two petitions were consolidated and were concluded by denial of all relief sought as to the petitioner’s water charges and meters and granting authority to the petitioner to increase the sewer disposal charge to $7.50 per month. The utility appealed to the Chancery Court of the First Judicial District of Hinds County, where the Commission’s order was reversed and the cause was remanded for further determination of reasonable rates for water and sewer service and for authorization for installation of water meters. From this reversal by the chancery court, the commission has appealed to this Court, assigning the following as errors in the chancery court:
1. The chancery court erred in overruling the order of the Public Service Commission denying the request of Ancient Oaks Utilities, Inc., for installation of metered water service, and particularly in finding that such service was necessary to allow a reasonable rate of return.
*CMXCII 2. The chancery court erred in overruling the order of the Public Service Commission setting the fixed rate for sewage service provided by Ancient Oaks Utilities, Inc. and finding that the rates allowed by the Commission were unreasonable and confiscatory, since the petitioner failed to carry the burden of proof, and there was substantial evidence in the record to support the Commission’s finding.
3. The chancery court erred in overruling the order of the Public Service Commission setting the fixed rate for water service provided by Ancient Oaks Utilities, Inc. and finding that the rates allowed by the Commission were unreasonable and confiscatory, since the petitioner failed to carry the burden of proof, and there was substantial evidence in the record to support the Commission’s finding.
Finding no error, we affirm addressing ourselves only to the action of the commission as to the water petition.
On the hearing on the petition one of the commissioners voted to deny relief with the reservation that he approves in principle the installation of meters. The commission found that “the proposed increase in the rate applicable to the rendition of water service by means of the initiation of a metered rate, including the installation of water meters for the rendering of water service [the record reflects, subject to change later, an intention to install the meters without charge to the customers] be and the same is hereby denied as being unjust, unreasonable and not in the public interest.”
The utility was organized in 1968, and there had been no rate authorized after the initial rate of the $6 per month for water fixed in 1968. The record shows that an effort in 1974 to procure an increase in the water rates and for authority to install meters was “turned down completely. No part of it was allowed.”
The commission, as far back as 1958, adopted a Rule 11 which remains in force. It reads:
Rule 11. Meters.
A. (1) All water, gas and electric service furnished by a utility shall be charged for by meter measurements, except in instances where charges may otherwise be made by permission of the commission. Service used by the utility or any of its departments shall be accounted for by meter measurements except for minor incidental use where metering would not be practical.
It seems evident to us that the utility in 1974 and in its present petition has undertaken to comply with this rule, and instead of placing itself in a position of granting permission to the utility not to comply with the rule, the commission now denies to the utility permission to comply with it. In addition, we view the metering of the consumers’ connections as fair and equitable, and the commission has improperly withheld authority.
The other arguments of appellant do not require comment.
The chancery court’s decree is affirmed and the cause is remanded to the commission for its further action consistent with the chancery court’s decree.
AFFIRMED AND REMANDED TO THE COMMISSION.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and LEE, JJ., concur.
BOWLING, J., took no part.